IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-1016-KAJ |
| ) | |
| DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

---

Gerald A. Lechliter, 44 Harborview Road, Lewes, Delaware 19958, *Pro Se* Plaintiff.

Colm F. Connolly, Esquire, United States Attorney; Leonard P. Stark, Esquire, Assistant United States Attorney, United States Attorney's Office, 1007 N. Orange Street - Ste. 700, Wilmington, Delaware 19801; Counsel for Defendants.
   Of Counsel: Maj. Gary P. Corn, U.S. Army Litigation Division, 901 N. Stuart Street - #400, Arlington, Virginia 22203

---

June 15, 2005
Wilmington, Delaware


JORDAN, District Judge

## I. Introduction

This suit was brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.* Presently before me is a motion filed by the Department of Defense ("Defendant" or "DoD") for summary judgment. (Docket Item ["D.I."] 18; "Defendant's Motion"). Also before me is a motion filed by *pro se* plaintiff Gerald A. Lechliter ("Plaintiff") to compel Defendant's prompt production of responsive documents or a statement of reason for denying them (D.I. 24; "Plaintiff's Motion"). For the reasons that follow, Defendant's Motion will be granted and Plaintiff's Motion will be denied.

## II. Background[1]

On October 5, 1999, Congress passed 10 U.S.C. § 1413 ("§ 1413"), which related to "special compensation for certain severely disabled retirees" ("SCSD") and which was repealed effective Jan. 1, 2004.[2] 10 U.S.C. § 1413. Within the DoD, the Defense Finance and Accounting Service ("DFAS") was responsible for implementation of SCSD. (D.I. 19, Ex. A, Tower Decl., at Ex. 1 at 2, 3.) The Office of the Under Secretary of Defense (Personnel and Readiness) ("USD(P&R)") was primarily responsible for oversight of and policy development for SCSD. (D.I. 19, Ex. A, Tower

---

[1] The following rendition of background information does not constitute findings of fact and, though the facts are largely undisputed, is cast in the light most favorable to the non-moving party.

[2] SCSD has been replaced by a "program that would allow concurrent payment of [Veterans Administration] disability compensation and military retired pay." (D.I. 19, Ex. A at ¶ 5.)

1

Decl., at ¶ 5.) On October 15, 2002, DFAS published an Interim Change establishing SCSD policies and procedures. (*Id.*, Ex. B.)

On April 8, 2003, Plaintiff submitted a written request to the Department of Defense Directorate for Freedom of Information and Security Review ("DFOISR") for "all documents related to the implementation of 10 U.S.C. § 1413 and its amendments...[,]" pursuant to FOIA. (D.I. 1 at ¶ 7, Ex. 1.) DFOISR handles FOIA requests seeking documents in the possession of the Office of the Secretary of Defense ("OSD"). (D.I. 19 at ¶ 6.) On April 8, 2003, DFOISR acknowledged receipt of Plaintiff's FOIA request, assigning it case number 03-F-1117. (D.I. 1 at ¶ 8, Ex. 2.) With that acknowledgment, DFOISR informed Plaintiff that his request was forwarded to DFAS, since that sub-agency might hold responsive documents. (*Id.*) A copy of the request was also faxed to a Mr. Tower at the USD(P&R) on April 8, 2003. (D.I. 20, Ex. 1 at 4, ¶ 10.) On or about April 16, 2003, DFOISR forwarded the request though administrative channels to Mr. Tower. ( D.I. 19, Ex. C at 2, ¶ 3.) Within OSD, the USD(P&R) and the comptroller's offices were tasked with a search, as they were reasonably likely to hold responsive documents. (D.I. 19 at ¶ 8.) On April 21, 2001, Plaintiff called DFOISR and informed that office that it was not necessary to search DFAS as that DoD agency had already responded to a similar FOIA request satisfactorily.[3] (D.I. 1 at ¶ 9.)

On May 19, 2003, Plaintiff submitted a supplemental FOIA request via facsimile to DFOISR, seeking a copy of a letter from Congressman Bilirakis to DoD and "any

---

[3]Plaintiff now asserts that while is was not necessary to search the entire organization because of the request submitted previously to the DFAS Cleveland Site, which had responded with a large number of documents, a search of DFAS Headquarter would be necessary. (D.I. 20 at 3, ¶ 2.)

2

other congressional communications with DoD about 10 U.S.C. § 1413." (*Id.* at ¶ 10, Ex. 3.) DFOISR acknowledged receipt of the FOIA request and assigned it case number 03-F-1486. (*Id.* at ¶ 11, Ex. 4.) On October 21, 2003, DFOSIR informed Plaintiff that no responsive documents were found pursuant to that request.[4] (*Id.* at ¶ 12, Ex. 5.)

Plaintiff called DFOISR several times, alleging that Defendant failed to respond to FOIA request 03-F-1117. (*Id.* at ¶ 13.) Plaintiff explained that the documents were requested in relation to another law suit.[5] (D.I. 20, Ex.1 at 4, ¶ 12.) On November 7, 2003, Plaintiff filed the present complaint (D.I. 1.) seeking the requested information pursuant to 5 U.S.C. § 552(a)(3), requesting expedition of proceedings under 28 U.S.C. § 1657, and asking for an award of costs under 5 U.S.C. § 552(a)(4)(E). On November 14, 2003, DFOISR responded to Plaintiff's FOIA request, 03-F-1117 with responsive

---

[4]Plaintiff did not appeal the "no records" response. (D.I. 20 at 3, ¶ 3.) Plaintiff questioned the search for the requested documents based on Mr. Tower's declaration in support of Defendant's Motion that he did not search files of letters to Congressmen. (D.I. 19, Ex. A at 5, ¶ 9.) In an additional search fifty letters mentioning § 1413, although none from Congressmen Bilirakis, were located from a retired database and forwarded to the DoD FOIA office. (D.I. 23, Ex. 1 at ¶ 4.) Defendant provided search results of congressional correspondence to Plaintiff on June 10, 2004. (D.I. 26 at 2.)

[5]Plaintiff asserts that he informed Mr. Tower on January 3, 2003, of his intent "to file a suit against DoD for its refusal to pay" compensation for May 2001 pursuant to § 1413. (D.I. 20 at 5, ¶ 9.) On January 21, 2003, Plaintiff filed a complaint seeking review of the final agency action denying him $300 pay for the month of May 2001. *Lechliter v. Rumsfield*, 2004 WL 1918797 at *2 (D. Del. 2004), *appeal docketed*. I concluded that DoD, through DFAS, did not act arbitrarily or capriciously, or without substantial evidentiary support in denying Plaintiff's claim for $300 for the month of May. *Id.* at *5. Accordingly, summary judgment was entered for Defendants in that case. *Id.*

3

documents.[6] (D.I. 19, Ex. C, McIntyre Decl., at ¶ 6, Ex. 5.) On December 18, Plaintiff submitted a facsimile clarifying the specific documents sought in FOIA request 03-F-1117. (*Id.*, Ex. A at Ex. 3.) On February 13, 2004, DFOISR provided additional documents found in a search based on Plaintiff's December 18, 2003, clarification. (*Id.*, Ex. C at Ex. 6.) Following the two responses to Plaintiff's FOIA request, Plaintiff continues to allege that the search was inadequate and that Defendant has destroyed responsive documents that it was obligated to preserve. (D.I. 20 at 2.)

Defendant argues that it conducted a reasonable, adequate, good faith search for responsive documents, that it provided those to Plaintiff as required by FOIA and that, therefore, Defendant is entitled to judgment as a matter of law. (D.I. 19 at 2.)

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable issue of material fact, a court must review the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing*

---

[6]Plaintiff filed a supplemental brief based on information in DoD's November FOIA response alleging that the response did not contain all responsive documents. (*Lechliter*, 2004 WL 918797, D.I. 36 at 2-4.)

4

*Prods., Inc.*, 530 U.S. 133, 150 (2000). To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Inds. Co., Ltd.*, 475 U.S. at 587 (internal citation omitted). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## III.    Discussion

### A.    Defendant's Summary Judgement Motion

"In a FOIA case, a court may grant summary judgment in favor of the defendant when the agency establishes, though affidavits, that it has discharged its obligations under the statute." *Hecht v. United States Agency for Int'l Dev.*, 1996 WL 33502232 at *5 (D. Del. 1996). An agency, in response to allegations of an inadequate search, may meet this burden by providing "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched." *Iturralde v. Comptroller of the Currency, et al.*, 315 F.3d 311, 313, 314 (D.C. Cir. 2003)(quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

5

An agency must show "that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1484 (D.C. Cir 1984) (quoting *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir 1984)). Thus, "[t]he issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982) (*per curiam*). Adequacy is determined by a reasonableness standard and depends upon the circumstances of each case. *Weisberg*, 705 F.2d at 1351. "If a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate." 315 F.3d at 314 (quotations omitted).

An agency's "failure to turn up [a specific] document does not alone render the search inadequate; there is no requirement that an agency produce *all* responsive documents." *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (emphasis in original). One making a FOIA request "is entitled only to records that an agency has in fact chosen to create and retain." *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 321 (D.C. Cir. 1982). The fact "[t]hat some documents were not discovered until a second, more exhaustive, search..." does not render a search inadequate. *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (declining to overturn district court's ruling on motion to compel discovery of documents, holding "that an agency's search need not be perfect but rather need only be reasonable").

### 1. Defendant Conducted a Reasonable, Adequate Search.

In his complaint, Plaintiff did not challenge the adequacy of the search but rather the failure to respond to his FOIA request. (D.I. 1.) Plaintiff has since alleged that the search was inadequate (D.I. 20 at 13), based on information obtained from Mr. Tower's declaration in Plaintiff's earlier case, *Lechliter*, 2004 WL 1918797, in which Mr. Tower stated that his office, along with other offices and the military departments, worked on policy developments. (D.I. 19, Ex. A at Ex. 1 at 3, ¶ 4.) Plaintiff contends that Mr. Tower's coordination efforts not only must have produced extensive records, but also required Defendant to forward his request to other components as provided in DoD Regulation 5400.7-R, *DoD Freedom of Information Act Program Part 286*, 32 C.F.R. § 286.4(5)(i) ("R5400.7"). (D.I. 20 at 14, 17.)

Defendant maintains that R5400.7 imposes no such obligation on its operation and that Plaintiff has not provided any evidence that the sub-agencies in question were in fact originators of responsive documents. (D.I. 23 at 5.) Even if that regulation were to impose an internal referral requirement, however, the issue is moot because additional searches in other departments have been conducted. An individual making a FOIA request must follow the published FOIA regulations for the agency to which the request is directed. 5 U.S.C. § 552(a)(3)(A)(ii). To locate leads for responsive documents, an agency is not required "to look beyond the four corners of the request." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996). Furthermore, "if the requester discovers leads in the document he receives from an agency, he may pursue those leads through [additional] FOIA request[s]." *Id.* Regardless, "mere reference to

7

other files does not establish the existence of documents that are relevant to [Plaintiff's] FOIA request. If that were the case, an agency responding to FOIA requests might be forced to examine virtually every document in its files, ...[and] FOIA clearly does not impose this burden upon federal agencies[.]" *Steinberg v. Department of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994).

Defendant, upon reading Plaintiff's answering brief indicating Plaintiff's dissatisfaction with the current search, initiated additional searches for responsive documents within the DoD General Counsel's Office ("DoD OGC"), the Department of the Army, Department of the Navy, and the Department of the Air Force. (D.I. 23 at 6 n.6.) Plaintiff nonetheless remains dissatisfied with Defendant's actions.[7] (D.I. 25 at 1, 2.) Defendant concedes that those additional searches required more time than originally anticipated, leading Defendant to miss the April 30, 2004, deadline it had set for itself.[8] (D.I. 26 at 2.)

Plaintiff, in his brief in opposition to Defendant's Motion, contends that Defendant failed to search DFAS. (D.I. 20 at 20; D.I. 25 at 11-13.) Earlier, however, when

---

[7]Plaintiff asserts that Defendant failed to provide documents from those additional searches promised "no later than April 30, 2004" pursuant to a settlement letter. (D.I. 25 at 2.) Plaintiff further expresses his dissatisfaction with the search because he has not obtained a substantive response from DFAS Denver pursuant to the original FOIA request from April 8, 2003, or a direct response from DFAS headquarters in Arlington. (*Id.*)

[8]At the time of Defendant's opposition to Plaintiff's Motion, Defendant reported that the Navy and the Air Force did not find responsive documents; the Army reported fifteen outstanding requests for responses, including from DFAS headquarters; DoD OGC reported potentially responsive records from the Human Resource Agency General Counsel's Office. (D.I. 26 at 2.) Defendant represented that Plaintiff will be notified as soon documents are processed under FOIA. (*Id.* at 3.)

Defendant deemed a search of DFAS appropriate, Plaintiff informed Defendant that "it was not necessary for DFAS to do a search of the entire organization" because Plaintiff already received a response from DFAS Cleveland, the site responsible for retired pay.[9] (D.I. 20, Ex. 1 at 4, ¶ 11; see also D.I. 1 at ¶ 9.) Defendant rightfully argues that based on Plaintiff's own limitation of the search, it was reasonable not to seek documents from DFAS. (D.I. 23 at 6, 7.) A requestor may not challenge the adequacy of a search after an agency limits the scope of a search in response to direction from the requestor. *Nation Magazine v. Dep't of State*, No. 92-2303, slip. op. at 12 (D.D.C. Aug. 18, 1995). Defendant's decision to exclude DFAS from the search based on the instruction given by Plaintiff was reasonable under the circumstances.

In sum, affidavits submitted by Defendant and unrebutted in pertinent detail are more than sufficient to support the conclusion that Defendant conducted a reasonable and thorough search for responsive documents. (D.I. 19, Ex. A, Tower's Decl.; Ex. C, McIntyre's Decl..)

### 2. Defendant Acted in Good Faith

Plaintiff contends that Defendant's actions demonstrate agency bad faith. (D.I. 20 at 19.) First, Plaintiff grounds his argument on Mr. Tower's affidavit where Mr. Tower stated that he "did not search all files of letters to Congressmen or constituents who had inquired about various aspects of the program as such documents were not considered responsive." (D.I. 19, Ex. A at 5, ¶ 9.) Based on Plaintiff's request for a

---

[9]Plaintiff asserts that he suggested that DFAS HQ probably would need to be searched. DFAS Cleveland provided 282 pages of documents on April 3, 2003, in response to a prior FOIA request. (D.I. 25 at 11, 12.)

9

letter sent to Defendant, Mr. Tower searched through a file containing letters from congressional representatives. (D.I. 23, Ex. A at 2, ¶ 4.) A subsequent search of outgoing mail yielded additional, related documents which Defendant provided to Plaintiff on June 10, 2004. (D.I. 26, at 2.) "[W]hat is expected of a law-abiding agency is that the agency ... correct error when error is revealed." *Center for Journalism v. IRS*, 166 F. Supp. 2d 1,10 (D.D.C. 2000). Here, Defendant corrected any "error" by enlarging the scope of the search and providing additional documents after Plaintiff had expressed dissatisfaction with the initial search.

Second, Plaintiff alleges that documents were improperly destroyed and, therefore, seeks leave of court to conduct discovery into the improper destruction. (D.I. 20 at 31.) Plaintiff bases his destruction argument on Mr. Tower's affidavit stating that "files may have been routinely purged ... prior to April 16, 2003, [but] no SCSD documents ... have ever been deliberately destroyed in response to, or in an effort to avoid release to [Plaintiff]." (D.I. 19, Ex. A at 7, ¶ 15.) Under FOIA, an agency is not obligated to create or retain documents. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 151 (1980). "[I]t only obligates [an agency] to provide access to those [documents] which it in fact has created or retained."[10] *Id.* Document

---

[10] I reject Plaintiff's theory that Defendant and all of its subagencies were obligated to preserve documents based on a prior FOIA request addressed directly to DFAS. Plaintiff asserts that the controlling date for document preservation "is as early as October 21, 2002, the date DFAS received plaintiff's first FOIA request for documents related to implementation of 10 U.S.C. § 1413." (D.I 20 at 24.) In a follow-up to this request, Plaintiff identifies specifically "DoD documents in DFAS files," and "that [he] had talked with Mr. Tom Tower ... ." (D.I. 20, Ex. 1 at Ex. A.) An "agency may reasonably interpret the request to be for records in a specific office or offices only ... ." *Kowalczyk*, 73 F.3d at 389. DFAS provided 282 pages in response to Plaintiff's

10

destruction prior to receipt of a FOIA request is immaterial. *See Piper v. Dep't of Justice*, 294 F. Supp. 2d 16, 22 (D.D.C. 2003). Mr. Tower claims that he did not have actual notice of the request prior to April 16, 2003, (D.I. 19, Ex. A at 4, ¶ 8), although the faxed FOIA request indicated that Mr. Tower was sent a copy on April 8, 2003. (D.I. 1, Ex. 1.) While Mr. Tower stated that he cannot be absolutely certain that no responsive document was destroyed prior to April 16, 2003, he emphatically denies that he or others in his office deliberately destroyed documents in response to Plaintiff's request (D.I. 19, Ex. A at 7, ¶ 15), and there is absolutely no evidence to support Plaintiff's allegation that documents were in fact destroyed.

Discovery into improper destruction of documents has been granted in extraordinary situations involving outrageous misconduct by a solicited agency, but the case at bar clearly does not fall into that category. *See, e.g., Judical Watch, Inc. v. Dept' of Commerce*, 34 F. Supp. 2d 28, 30-40 (D.D.C. 1998) (describing in great detail an agency's efforts concealing, removing and destroying responsive documents). An agency need not to produce a document "if the agency is no longer in possession of the document[ ] for a reason that is not itself suspect ... ." *SafeCard Services, Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Mr. Tower's affidavit sets forth a non-suspect reason, i.e., routine file purging, for any potential destruction of

---

request. (D.I. 20, Ex. 1 at 2, ¶ 4.) Plaintiff did not challenge the adequacy of DFAS' response. The Defendant would thus be fully justified in understanding that request to have been satisfied. Therefore, Plaintiff's request from October 2002 does not impose a continuing records retention requirement. *See Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004) (retaining records is not a duty imposed by FOIA).

11

documents. (D.I. 19, Ex. A at 7, ¶ 15.) Therefore, discovery into the matter of document destruction is denied, under the circumstances of this case.

Third, Plaintiff alleges, based on references in two letters received in a supplemental FOIA response on June 10, 2004, that Defendant has acted in bad faith because Plaintiff has not obtained the referenced documents. (D.I. 27 at 4.) This allegation is insufficient to demonstrate bad faith. The two letters referencing the allegedly omitted documents apparently date from 2000. (D.I. 27 at Ex. 2, Ex. 3.) There is nothing to indicate that the referenced documents, if they ever existed, continued in existence at the time of Plaintiff's FOIA request in 2003. "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them" *SafeCard Services*, 926 F.2d at 1201. As already stated, courts consider the adequacy of a search and not the fruits of it. *Weisberg*, 745 F.2d at 1485. Plaintiff has not presented any evidence that the referenced documents exist. Therefore, Plaintiff has failed to establish agency bad faith. *See Ground Saucer Watch Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (holding that plaintiff must present evidence that additional, releasable documents exist, to establish agency bad faith).

Perhaps it is understandable that Plaintiff became frustrated when the documents were not gathered and provided all at once in this case. If an agency determines to comply with a request for records, the law requires that "records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i). However, FOIA recognizes that there may be delay in a response if a

12

search needs to be coordinated among different components of an agency. *Id.* § 552(a)(6)(B)(iii)(III). "Although there may very well be circumstances in which prolonged delay in making information available ... require[s] judicial intervention, the case at bar does not mandate such court action." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (internal quotations omitted). Moreover, once the records are produced, the controversy becomes moot. *Id.* Defendant conducted more elaborate searches and released additional documents, even if only tangentially related to Plaintiff's request.

Because Defendant has conducted a reasonable, adequate and good faith search, as demonstrated by its affidavits, and has released all nonexempt material, it has properly discharged its obligation under FOIA. The Defendant's Motion for summary judgment is therefore granted.

### B.     Plaintiff's Motion to Compel

It is likely that the disposition in "this case leaves Plaintiff disappointed and dissatisfied[,]" but "the court cannot expand FOIA discovery to suit the plaintiff's investigatory objectives ... ." *Flowers v. IRS*, 307 F. Supp. 2d 60, 72 (D.D.C. 2004). Because Defendant has demonstrated that it conducted a reasonable, adequate, and good faith search and that it provided all releasable documents to Plaintiff, and because Plaintiff has not presented evidence that the allegedly missing documents in fact exist, Plaintiff's motion to compel document production will be denied.

### IV.    Conclusion

Accordingly, for the reasons set forth herein, Defendant's Motion (D.I. 18) will be granted and Plaintiff's Motion (D.I. 24) will be denied. An appropriate order will follow.