IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. LECHLITER,             )<br>                                                     )<br>            Plaintiff,             )<br>                                                     )<br>      v.                                          )      Civil Action No. 03-1016-KAJ<br>                                                     )<br>DEPARTMENT OF DEFENSE,      )<br>                                                     )<br>            Defendant.            ) | |

**MEMORANDUM ORDER**

---

*Pro se* plaintiff Gerald A. Lechliter ("Plaintiff") has filed a Motion for Reconsideration (Docket Item ["D.I."] 30; "Plaintiff's Motion") of the Memorandum Opinion (D.I. 28) and Order (D.I. 29) issued in this case on June 15, 2005. Plaintiff also seeks leave to submit a reply to the opposition filed by the Department of Defense ("Defendant") to his Motion (D.I. 32).[1] I have considered the Motion (D.I. 30), Defendant's Opposition to the Motion (D.I. 31), and the Plaintiff's reply (D.I. 33). The Motion is denied.

Reasonable minds may differ about the import of the record that I had before me and the application of the law to that record, but nothing in the Plaintiff's filings persuades me that the fully briefed and fully considered issues should be revisited. The

---

[1] Local Rule 7.1.5 sets the standards for reargument and permits only an opening and answering submission. On July 19, 2005, Plaintiff called chambers twice to argue that his motion for reconsideration is distinguishable from a motion for reargument and that he, therefore, is entitled to a reply brief. Although the Plaintiff is mistaken about the requirements of the local rules, the Defendant did not oppose the filing and I have considered his reply.

standards that apply to motions for reargument and reconsideration have been stated as follows:

> The District of Delaware, through published case law, has developed rules that govern motions for reargument under Local Rule 7.1.5. These governing principles are simply stated: 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension[;]" and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court[.]"

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations omitted).

Here, the Plaintiff has not attempted to meet those standards. Plaintiff, disappointed because he failed to meet his investigatory and litigation objectives, rehashes the arguments that (a) he did not limit his search, (b) the search was neither adequate nor reasonable, (c) the government's affidavits are inadequate and (d) Defendant failed to meet the statutory requirements. (*See* D.I. 30.) His Motion, however, is nothing more than an improper attempt to relitigate what has already been decided, without presenting any grounds which would merit such reconsideration.[2]

---

[2]Defendant, because of the circumstances of this litigation, has gone above and beyond of what is required under the Freedom of Information Act ("FOIA"). (D.I. 31, Ex. 1.) In his reply, Plaintiff argues that it is significant that the Army has claimed an exemption in one of its responses and that the Defendant has not determined the time it will take to provide results from a search delayed by an office move. (D.I. 33 at 1.)

Plaintiff has failed to meet the legal standard for reconsideration and, therefore, his motion must be denied.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

```
                                          _____
                                          UNITED STATES DISTRICT JUDGE
```

July 27, 2005
Wilmington, Delaware

---

However, because these additional searches were voluntary, Defendant is not obligated under FOIA to adhere to any specific time line. (D.I. 31, Ex. 1.) Similarly is it not necessary to consider the merits of the exemption claimed by the Army, because, despite being exempt, the Army voluntarily provided documents to Plaintiff, withholding only names and email addresses contained in those documents. (*Id.*)